All right, good afternoon, Your Honors. My name is Mitchell Bisson, and I'm the attorney for the Appellant Anniversary Mining Claims in this matter. In this, this appeal is about the R.S. 2477 Road, which traverses over federal land to the Anniversary Mine property. Anniversary Mine, my client, filed this act, the Quiet Title Act, alleging ultimately that it had, you know, some, it should be entitled to some form of access over the road. The District Court granted both Clark County and the United States motions to dismiss based on a lack of jurisdiction under the Quiet Title Act. But to give a little background of the road itself, again, this is a road that traverses public federal public land and is currently the only method of access to this Anniversary Mine property. So back in 1943, the Anniversary Mine was discovered and received patented mining claims from the United States of America. At the time, there was one road which extended from the eastern part of the property all the way through to the western end of it and just continued on. Along the way in 1952, the United States government came in and condemned the eastern side of that road, which at that point left only the western half, which again, is at that point now the only method of ingress or egress to this property. Once the eastern part of the property- Counsel, when exactly did it become the only method of ingress and egress? So that would have been in 1952 once the government condemned the other half of the road. So I'm a little confused by that, Counsel, because I've gone and looked at the prior lawsuits that you filed and that your company's predecessor in interest filed. And for example, I'm looking at the 2016 order in the Baltimore case where your predecessor was claiming that there was this northern road, which they could use, but they would have had to do $2 million in improvements on the northern road. And so they wanted the court to rule that they could instead pave the anniversary road. So what's the story on that northern road that was alleged to be a possible ingress and egress in the Baltimore lawsuit? Your Honor, I'm actually unaware of there being a northern road. So to the extent there is, I'm unaware of it. I know my clients have never informed me of the ability- Well, the district court's order says BLM, according to your predecessor, your client's predecessor, is now refusing to allow plaintiff use of the North Shore Road and refuses to allow plaintiff to maintain an improved anniversary mine road to access its claims. So my understanding of, I've heard of the North Shore Road before. Again, my understanding of North Shore Road is it kind of traverses north and then from North Shore Road, anniversary mine road extends off of that. Go ahead. So again, significantly in this appeal, you know, my client is not seeking access or an easement on this road as just a general member of the public. This isn't an issue of, you know, he just wants the right on behalf of everybody to use this road. And what type of easement? So we were making the claim for an easement by necessity and implied easement by necessity. Is that anywhere in your complaint? So again, we do acknowledge that the words easement or easement by necessity are not included in the complaint. However, it's our, you know, position that the facts provided, for example, that it's a landlocked property, that there was no ingress or egress other than anniversary mine road, do give enough, you know, factual allegations to provide that easement. When exactly? Let's assume for the minute that we were going to let you tell us what's in the record on this and rely on that. What in the record says when exactly the easement by necessity came into being? So paragraphs 29 through 35 are where the factual allegations are. And that's where we mentioned that in 1952, the portion of the road was, and then on the nation of the road involved in the takings action, they then used the anniversary mine road as the only. Okay, let me, let me ask my question in a different way. When are you contending now that the easement by necessity came into existence? Upon condemnation of the road, the other portion of the road. And is there, is there anything in the record that, that shows you, including on your brief on appeal, alleging the easement by necessity came into being on the condemnation? I would have to look back. I don't believe I explicitly had mentioned it. But doesn't, doesn't, doesn't, doesn't the quiet title act require that any complaint set forth with particularity, not only the nature of the right, but also the circumstances under which it was acquired. So if that's not in your complaint, then the complaint doesn't meet the requirements of 2409A per ND. Yes. And I, I do acknowledge that the quiet title act does require it to be pledged with particularity. Again, it's our position that, you know, a fair reading of this complaint, you know, can be read to, can be considered particularity when you look at each of them. And the problem counsel is, first problem is, you didn't even put that in your recon motion. You never had a proposed amended complaint. You didn't put it in your recon motion. And the second problem, because you're saying he shouldn't have dismissed it or the judge shouldn't have dismissed it with prejudice. I'm now reading from the order dismissing the 2017 case by anniversary mining, where the court specifically says in that order, I'm dismissing it because the complaint doesn't set out the detail required by the quiet title act. Here are all the things it's missing. And by the way, I'm dismissing it without prejudice. And your client never tried to file an amended complaint in that case, right? That is correct, John. So, so at the very least, in this case, you were on notice, you needed detail, you didn't put it in the complaint. And then even in your, your recon motion, you didn't put this theory that you're came into being on the condemnation. So how is it possible that we could find the district court abused its discretion given those facts? Your Honor, again, I just believe that a fair reading of this complaint, you know, and looking at the individual factual allegations, for example, where we say that anniversary mine was other than the road condemned, anniversary mine road was the only ingress and egress. Again, it's our position that a fair reading of this complaint. Can be read as being a good part of the clarity. If we disagree, then I'd like to know what is your best shot regarding futility of amendment? And I'll just, to be specific, that wasn't a very good question. I'm concerned about whether or not it was really, we can say it was futile to, or would have been futile to allow amendment. The complaint does say in a couple of places that the land was surrounded, completely surrounded by federal land. So that sounds like law school textbook sort of case of easement by necessity. But the difficulty we've got from what I've got here is trying to figure out at what point that became true. And I think that's what Judge Bennett was trying to ask you about earlier. We know from what we have is that there's an allegation that in 1952, the United States established Nellis Air Force Base and that included condemning a portion of the road that was used up until that time. What I can't tell, and we know that after that, they started using Anniversary Road, I can't tell the when Anniversary Road started to exist. In other words, did they create it then? Was that a trail or a path? You know, the complaint says it's a dirt road. I just don't know when it came into being. And I don't see the government defending on the futility point. So that's what I'm struggling with. Your Honor, my understanding of the, I guess what we call Road 2, Anniversary Mine Road is in the beginning stages of this mine, it was one road that had traversed kind of through the property and then out the other side. So it was always in existence along with the first road. Then the condemnation came in and they condemned basically the eastern part of it. So it's my understanding that the Anniversary Mine Road was always in existence at the same time. And it wasn't until it was condemned that they actually had to start using it as the only method of revenue. So if I have a mental image and I looked at the maps we have in the in the record, they're really difficult, including legends that say the purple part is this and the orange part is that and what I have is a big gray field. But if I think of the if I think of your client's land as a landlocked, so think of a donut, OK, and it's the center portion of the donut. Are you telling me that you think the Anniversary Mine Road bisected that? Yes, correct. And one half of it, one side of it was condemned. Correct. Is that right? In 1952? In 1952, which is where our arguments for this, you know, easement by necessity come in. So hold on. So at that point, even though you apparently had used the other side of the other half of it, if I can use that, that you think as of 1952, then your client needed to use to go that way, to go the other way on the same road. Correct, Your Honor. I see. So you're referring to Anniversary Road. I see. It's one road. Yes. And then once it got condemned, I guess it remained the same road, but half of it going to the West.  This is not in the record. I guess I'm trying to go to really to futility and try to figure out whether or not it would be possible for your client to amend and state a claim for easement by necessity that would be cognizable. So I don't mean to suggest that this is in the record. I'm just trying to figure out what your position would be if you were given that opportunity, because as Judge Bennett said, it looks like your client has been given the opportunity on a number of occasions. Yes. And I understand that, Your Honor. You know, to the extent an amendment is allowed, we do plan to bring a similar claim under this easement by necessity to where once the road was condemned, that would then be the severance needed for the easement by necessity. I'm sorry. Sorry, just one follow up. I mean, there's actually sort of two different severances. That's my problem. What you just said, once the road was condemned, you're pointing to the 1952 point on my timeline. Is that right? Correct. OK, thank you. Judge Bennett, you had something you wanted to say. Yeah, because I have to say I had great difficulty understanding exactly what you were alleging in your motion for reconsideration. But the district court took your motion for reconsideration as saying the severance occurred when your mining claims were patented. And that's what he said in the order. And I have a lot of sympathy for that given your recon motion and your complaint. But are you now, to the extent you made that claim, are you now abandoning any claim that the severance occurred when the mining claims were patented and that now the only claim that you would want to assert in a new complaint is that an easement by necessity arose at the time of a severance that took place in the condemnation of the other road for Nellis? Yes, Your Honor, it would be more focused on the condemnation. When the mining patents were, I guess, transferred, there was a severance at that point. But again, I think as brought up here, there was kind of two ways to get to and from the property at that point. So, again, for purposes of an easement by necessity, the condemnation would be the relevant time period. And you're not claiming any express easement arising at any time, including at the time of the patent, right? Correct, Your Honor. And you're not claiming against the United States an easement by prescription, correct? That is correct, Your Honor. I would like to save a minute for rebuttal. You bet. That's just fine. Opposing counsel? I'm sorry, which of you is going to go first? Okay, go right ahead. Hi. Good afternoon, Your Honors. Erica Kranz for the United States. I intend to leave at least three minutes for the county's attorney, Ms. Hanley. The plaintiff in this case, and in the prior cases, has presented a shifting array of theories for what type of interest it has, how it came to have that interest. And we're hearing more of that today. Counsel began by name-checking RS-2477, and yet has appeared to totally walk away from any argument that his client has some interest. Counsel, this may be neither here nor there, but essentially the dismissal was based on sovereign immunity because there was no claim stated under the Quiet Title Act. Is that right? Yes, that's what I understand. And so wouldn't that mean as a practical matter that even if we affirm, that would not be a bar to the plaintiff asserting, again, under the Quiet Title Act, this new theory or perhaps new theory of easement by necessity arising from the condemnation? That that wouldn't be barred by any principles of claim preclusion, correct? Well, I think that, I think you're probably correct because in our view, as we argued in the briefs, and as it sounds like your Honor understands, the easement, there was no claim for an easement by necessity in this complaint. That was not a cause of action that plaintiff raised in this case. So I'm not sure that the dismissal with prejudice really attaches to any... Then let me get to my next question, is you agree that technically the condemnation affected a severance, correct? Well, I'm not sure I have enough facts to really agree. Okay, you agree that a condemnation can affect a severance. Yes, I think I agree with that. Yes. And does the United States recognize easements by necessity by a private party against the United States at all? Does the United States agree that that is? A cause of action that can be assessed against the United States or is the United States' view that it would be similar to a claim of adverse possession, which can't be asserted against the United States, as I understand it? Right. Our view is that an easement by necessity is not available against the United States.  As a matter of law. And this court in Fitzgerald recognized that view of the United States and certainly called into question whether such an easement would be available against the United States. I don't believe this court has definitively ruled on that question. So if we were... I'm sorry. No, please. Go right ahead. So if there were an allowance to amend to make this claim, I presume the United States' view would be, A, it's barred by sovereign immunity, and B, even if it weren't, presumably the alleged facts either still don't satisfy the QTA or even if it satisfies the QTA, it doesn't satisfy the requirements of law, even if the United States has waived its sovereign immunity. Yes, I think that's correct. So, you know, I guess we don't need to talk about RS-2477 here. I don't think we do. Okay. I don't think we do. I don't hear any member of the panel talking about RS-2477, but you do have members of the panel who live in Alaska and would take issue with the statement you just made about landlocked parcels within national parks. So I don't think that's before us, is it, at this stage? No, it's certainly not. You know, I want to flag it, you know, as a potential argument that the United States might make in a different case where this issue were actually... Okay, well, consider yourself flagged back and we'll move on to the issues in this case if we might. I want to raise one more thing, which is that there is a regulatory process by which anniversary mining might be able to get the type of access that it's looking for. And what I think this case is really about is, you know, this business just doesn't want to engage with the federal land managers. They want to be able to take this primitive dirt road and make it something wide and paved so that they can do, I guess, whatever they like with it. Well, counsel, I think that's right. We do seem to have extremes here, but we all know what the law is. That's the one thing the complaint, I think, does allege, that it's a landlocked parcel for sure. And I think the notice that he received, I guess, I don't know if that's the correct gender because I'm not sure who the client was, but that the client received is something that said, you may not use this road, period, may not use it as access. Is that right? I don't believe that's correct. I think you can't use it for commercial access without a permit. And there are two federal land managers here. There's the National Park Service. The road first, when you're leaving the main road, you first cross Park Service land, and then you cross BLM land before you reach the end holding. And you would need a permit from both of those land managers. Right, right, right. I think that the record is not clear on this point. I think it says both things about whether the communication was it cannot be used or it cannot be used without a permit. It's one of the questions I have. But I have the record sites here. So that is another difficulty. Sure. Council, and I don't know that this is in the record. But I don't know also if you know the answer in the 1983 condemnation. Um, did the predecessor to Anniversary Mine seek compensation for the cutoff access? And do you know was the United States required to pay compensation or did pay compensation for the cutoff access? I believe they did pay compensation to the predecessor. Yes. But there's nothing in the record about that. Am I right? I think that's correct. Because it's not in the district court's opinion that everybody cites because that's preliminary to the case going forward. Right. Judge Bennett, you know, your question reminds me of something else that's not in the record of this case, but was in the record of one of the prior federal cases, which is the allegation by Anniversary Mining that there actually is other, perhaps less convenient access across a longer road. Um, and, you know, we don't know anything about when that road was constructed. And by whom or, you know, why. But if that road existed at the same time as the condemnation, that would defeat any claim of necessity as well. Because that would mean this Anniversary Mine road wasn't the only access. So I think that's our problem is trying to figure out what was the case at Severance. And we do not have that record here. Is there more you wanted to say about that before deferring to? No, I'm happy to pass the mic to Ms. Hanley. All right. You've been very patient with our questions. I appreciate that very much. Counsel, would you like to be heard? Yes. Thank you. Good afternoon, Your Honors. May it please the court. My name is Agnes Hanley, and I'm the attorney for Defendant Clark County. I think based on what the plaintiff has stated here today, there's two issues that we see specific to the county. It sounds like the request would be to amend the complaint and assert a claim for an easement by necessity under the Quiet Title Act. And there's two points on that. First, the Quiet Title Act, the plain language of it, is to be named as a defendant to adjudicate a disputed property in which the United States claims an interest. And the plaintiff admits the county is a political subdivision of the state of Nevada. It's not the United States. It's not a federal agency of the United States. So therefore, the county would not be a proper defendant under the Quiet Title Act. So your view, counsel, is that even if we were to allow some amendment to allege an easement by necessity arising out of the condemnation, that that leave should not extend to keeping your client in the case. That is absolutely correct. And taking that even one step further, what the plaintiff seems to want is an easement by necessity without any interference by a governmental body. And we submit that this is, if it's a dispute, it's a dispute between the plaintiff and the federal defendants. And I will say that, you know, all the defendants agree that there isn't an unfeathered right to use an easement, to utilize an easement over federal land. There's still reasonable regulation that it could be subject to. Having said that, if we look at it from an easement by necessity perspective, it's an issue. It's not an issue between the plaintiff and the county. This is not county-owned land. Plaintiff admits that the road, Anniversary Mine Road, traverses land managed by the federal defendants. There's no allegation that this is a county road. This is not county land. It's not, you know, same as before, we're not under the jurisdiction of the United States. So again, if a leave to amend is allowed to assert an easement by necessity, it should not be allowed as Descartes County. Is that it? Nothing further? That is it. Nothing further. Thank you. All right. Is there anything further from counsel for the mine? So you're muted and we cannot hear you. Yeah, that probably helps. I was saying, I think I got all my points across initially. Again, very briefly, we'd like to reiterate that this is a, other than this Anniversary Mine Road, and they do acknowledge that there could be some reasonable, you know, frictions towards the easement. But again, the issue here is they have a mining property with patented mining claims that they can't- Counsel, do you agree that if the only thing left to you is theoretically an easement by necessity claim, that that would only be assertable against the United States and not the municipality? I don't know if I can acknowledge that 100%, Ron. I know in the briefing, the county had made some, you know, highway pursuant to RS-3477 gives the county an interest in that road itself. So I do believe the county is necessary and indispensable in this matter. But is it indispensable under the Quiet Title Act? Is there anything under the Quiet Title Act that allows you to bring a lawsuit against a state entity? Under the Quiet Title Act alone, Your Honor, no, I don't believe that can be brought against a state entity. Anything further, Counsel? I have nothing further, Your Honors. Thank you. Thank you. I want to thank all three, Counsel, for your very helpful arguments. We appreciate them very much. We're going to take this matter under advisement and we'll stand in recess for today. Off record, please. Hear ye, hear ye. All persons having business with the Honorable, the United States Court of Appeals for the Ninth Circuit will now depart. For this court, for this session now stands adjourned.
judges: Christen, Friedman, Bennett